**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

**GEICO MARINE INSURANCE COMPANY**

       **Plaintiff,**

**v.**                          **Case No.** _____

**SAEID YOUSEFIEH**

       **Defendant.**

## <u>COMPLAINT</u>

NOW COMES Plaintiff, GEICO Marine Insurance Company (hereinafter, "GMIC"), by counsel, and as and for its Complaint against the Defendant, Saeid Yousefieh (hereinafter, "Yousefieh"), states as follows:

### NATURE OF THIS CASE

1. This action is brought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1333(1) and seeks a declaration of the rights, duties, and obligations of the parties with respect to a marine insurance policy issued by GMIC to Yousefieh, the BoatU.S. Marine Insurance Policy (Policy No. BSP5039222-00, hereinafter, the "Policy") (a true copy of which is attached as **<u>Exhibit 1</u>** to this Complaint).

2. Specifically, GMIC seeks a judgment declaring that it is not required to provide insurance coverage under the Policy for any loss, damage, or expense suffered or incurred as a result of or arising out of the alleged theft of Yousefieh's 2010 17' Southern Skimmer Runabout (HIN No.: SFK14006E910, Virginia Registration No.: VA5773BP) (hereinafter, the "Vessel"), from his friend Jay Jenkins' home at 5825 Lancelot Drive, in Virginia Beach, on or about

January 8, 2021, because Yousefieh, at the time he applied to GMIC for coverage for the Vessel, misrepresented his moving violation, accident, and license suspension history, in violation of the general maritime law doctrine of *uberimmae fidei* and the Policy's prohibition against fraud and misrepresentation in connection with its coverage.

## JURISDICTION AND VENUE

3.      This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure because this dispute involves a policy of marine insurance, which is a maritime contract subject to admiralty jurisdiction.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Saeid Yousefieh is a citizen of Virginia and resident of Virginia Beach, Virginia.

5.      GMIC is a Maryland corporation, registered to do business in the Commonwealth of Virginia, and with its headquarters and principal place of business located in Springfield, Virginia.

## FACTUAL BACKGROUND

6.      Yousefieh purchased the Vessel new for approximately $7,000 from a dealership in Virginia Beach, Virginia, in 2010.

7.      During the ten years Yousefieh owned the Vessel, he only used it for approximately five operating hours.  He never insured the boat prior to his applying to GMIC for insurance on it in September of 2020.

8.      On or about March 6, 2020 Yousefieh was involved in an automobile accident in Virginia Beach in which he ran a borrowed automobile into a guardrail alongside Interstate 264.

2

I-1778640.1

9.      On or about June 13, 2020, Yousefieh was cited for reckless driving in Virginia Beach, Virginia, as a result of his operating a motor vehicle at a speed of 85 miles per hour on a highway with a maximum speed limit of 55 MPH.

10.      On or about July 8, 2020, Yousefieh's motor vehicle operator's license was suspended by the Commonwealth of Virginia.

11.      In seeking to have GMIC insure the Vessel, on or about September 26, 2020, Yousefieh applied for coverage over the phone.  The information provided by Yousefieh was recorded on his GMIC application (hereinafter, the "Application", a true and correct copy of which is attached as **Exhibit 2** to this Complaint).

12.      The Application asked, among other things, whether Yousefieh had any "automobile or boating violations for the owner in the past 3 years."  The Application then prompted Yousefieh to answer specifically with respect to each of the following categories of violations: "Speeding <20," "Speeding >20," "DUI/DWI," and "Reckless Driving."  Yousefieh's response to each of those prompts was a "0".  That response was untrue.

13.      The Application also asked whether Yousefieh's "operator's license [had] been suspended or revoked in the past 3 years."  Yousefieh's response was "No."  That response was untrue.

14.      The Application also asked Yousefieh whether he "had any boating or automobile claims, accidents, or losses in the past 3 years."  Yousefieh's response was "No."  That response was untrue.

15.      GMIC relied upon the contents of the Application, and specifically upon its representations concerning Yousefieh's moving violation, accident, and license suspension history, in determining to issue the Policy to Yousefieh in September of 2020.

I-1778640.1

16.     Had GMIC known Yousefieh's true moving violation, accident, and license suspension history at the time Yousefieh applied for insurance for his Vessel in September of 2020, GMIC would not have issued the Policy to Yousefieh.

17.     Relying on the truth of the representations Yousefieh made in the Application, to specifically include the representations concerning his moving violation, accident, and license suspension history, GMIC issued the Policy, a "Marine Insurance Policy," to Yousefieh in Virginia Beach, Virginia, on September 26, 2020.

18.     The Policy, as issued, was effective from September 26, 2020 to September 26, 2021.

19.     The Vessel was the watercraft to be covered under the Policy.

20.     On January 15, 2021 Yousefieh made a claim against GMIC under the Policy for the suspected theft of the Vessel (hereinafter, the "Claim").

21.     In investigating the Claim, GMIC learned for the first time the full extent of Yousefieh's moving violation, accident, and license suspension history.

**THE POLICY MAY BE DECLARED VOID AB *INITIO* UNDER *UBERIMMAE FIDEI* BECAUSE YOUSEFIEH MADE MISREPRESENTATIONS OR OMITTED MATERIAL FACTS ON HIS APPLICATION FOR INSURANCE**

22.     GMIC repeats and re-alleges paragraphs 1 through 21 of this Complaint as if set forth in full herein.

23.     GMIC issued the Policy based upon the material representations that Yousefieh made in the Application, including the representations that he did not have a moving violation, accident, or license suspension in the past three years.

I-1778640.1

24.     Under the doctrine of *uberimmae fidei,* an insurer may void a policy of insurance back to inception when it discovers that its insured has made a misrepresentation or omission of a material fact in applying for coverage.

25.     The doctrine of *uberimmae fidei* is an established and entrenched principle of federal maritime law in the United States.

26.     Whether an insured has a moving violation or license suspension in the past three years is a fact material to coverage for GMIC, as GMIC will increase  the premium charged or will not issue a policy of marine insurance to an applicant who had a moving violation, accident, and/or suspended license in the past three years.

27.     At the time Yousefieh applied for insurance coverage with GMIC, he misrepresented and/or omitted the material fact that his operator's license was suspended on July 8, 2020, that he had been in a motor vehicle accident May 6, 2020, and that he had received a reckless driving ticket on June 13, 2020, all of which were well within three years of when he completed the Application on September 26, 2020.

28.     Under the General Maritime Law and the doctrine of *uberimmae fidei* applicable to the Policy and Yousefieh's Application for it, owing to the foregoing material misrepresentations or omissions by Yousefieh concerning his moving violation, accident, and license suspension history, the Policy may be voided back to its inception.

29.     If the Policy is voided, GMIC is not liable for coverage under the Policy for any loss or damage Yousefieh may have suffered as a result of or arising out of the Vessel's alleged theft in January of 2021.

I-1778640.1

## THE POLICY IS VOID UNDER ITS OWN TERMS BECAUSE
## YOUSEFIEH MADE MATERIAL MISREPRESENTATIONS ON HIS
## APPLICATION FOR INSURANCE

30.     GMIC repeats and re-alleges paragraphs 1 through 29 of this Complaint as if set forth in full herein.

31.     Under the plain and unambiguous terms of the Policy, there is no coverage for fraud, misrepresentation, or concealment.

32.     The Policy "PART V – GENERAL PROVISIONS" provides, in relevant part:

> I.     Fraud and Concealment
>
> This policy is void if any insured or any insured's agent, at any time and regardless of intent, conceals, misrepresents or fails to disclose any material fact regarding this insurance, any application for insurance, the insured boat or any claim made under this policy.

33.     The Policy defines references to "insured" as meaning the named insured, Yousefieh.

34.     In the Application, Yousefieh represented that he had not received any moving violations, had not been in any vehicle accidents, and had not had his operator's license suspended in the three years prior to his Application for insurance.  Those representations were knowingly false and, because they were made for the purpose of inducing GMIC to issue the Policy (a thing of value) to Yousefieh, they constituted fraudulent conduct on Yousefieh's part.

35.     Because GMIC would not have issued the Policy if it had known that Yousefieh had a moving violation, accident, and suspended license in the three years prior to his Application for insurance, Yousefieh's false representations were and are material facts or circumstances.

6

I-1778640.1

36.     Under the plain and unambiguous terms of the Policy, GMIC may void the Policy if Yousefieh made incorrect statements or representations of any material fact, concealed a material fact from GMIC, or engaged in fraudulent conduct.

37.     If the Policy is voided, GMIC is not liable for coverage under the Policy for any loss or damage Yousefieh may have suffered as a result of or arising out of the Vessel's alleged theft in January of 2021.

**PRAYER FOR RELIEF**

38.     GMIC repeats and re-alleges paragraphs 1 through 37 of this Complaint as if set forth in full herein.

39.     GMIC believes it is justified in denying coverage under the Policy for any loss or damage Yousefieh may have suffered as a result of or arising out of the claimed theft of the Vessel and any loss or damage for which Yousefieh is seeking coverage via the Claim.

40.     An actual and justiciable controversy exists between GMIC and Yousefieh over whether coverage is available under the Policy for any damages, losses, and/or expenses Yousefieh may sustain or incur, or which Yousefieh may have sustained or incurred, as a result of or arising out of the claimed theft of the Vessel or the events giving rise to that claimed theft.

41.     Given the foregoing, GMIC is entitled to the judgment of this Court declaring that GMIC is authorized to void the Policy back to its inception and, further, that GMIC has no obligation to provide Yousefieh insurance coverage under the Policy for any loss or damage Yousefieh may have suffered as a result of or arising out of the Vessel's claimed theft in January of 2021.

I-1778640.1

**WHEREFORE,** Plaintiff GEICO Marine Insurance Company respectfully prays for a judgment

of this Court:

    (1)    declaring that GMIC is legally authorized to void the Policy back to its inception by its own terms or under the doctrine of *uberimmae fidei*;

    (2)    declaring that GMIC has no obligation to provide Defendant Saeid Yousefieh insurance coverage under the Policy for any damage, losses, and/or expenses as a result of or arising out of the alleged theft of the Vessel in January of 2021; and

    (3)    awarding to GMIC such other and further relief as this Court deems just and proper.

                        GEICO MARINE INSURANCE COMPANY

                        By:   /s/ Christopher A. Abel

                        Christopher A. Abel, Esquire
                        (VSB  No. 31821)
                        Marina G. Batalias, Esquire
                        (VSB No. 96097)
                        Willcox & Savage, P.C.
                        440 Monticello Avenue, Suite 2200
                        Norfolk, Virginia  23510
                        Telephone: (757) 628-5500
                        Facsimile:  (757) 333-3570
                        cabel@wilsav.com
                        mbatalias@wilsav.com

I-1778640.1

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was electronically filed with the Clerk of

the Court using the CM/ECF System this 6th day of May, 2021.

In addition, a copy of the foregoing was mailed *via* Federal Express, this 6th day of May,

2021, to the following parties who have not yet entered appearances in this matter:

Saeid Yousefieh
2135 Refuge Court
Virginia Beach, Virginia 23454

By: /s/ Christopher A. Abel
Christopher A. Abel, Esq.
(VSB  No. 31821)
Marina G. Batalias, Esq.
(VSB No. 96097)
*Counsel for Plaintiff*
*GEICO Marine Insurance Company*
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia  23510
Telephone: (757) 628-5500
Facsimile:  (757) 333-3570
cabel@wilsav.com
mbatalias@wilsav.com

I-1778640.1