# EXHIBIT

# 1

5323 PORT ROYAL RD
SPRINGFIELD VA 22151

**SAEID YOUSEFIEH**

**2135 REFUGE CT**

**VIRGINIA BCH VA  23454**

# GEICO BoatU.S.

GEICO MARINE INSURANCE COMPANY
5323 PORT ROYAL RD
SPRINGFIELD VA 22151
Policy Service: 877-581-2628
Claims: 877-970-2628

DECLARATIONS PAGE

| | |
|---|---|
| **Named Insured** | SAEID YOUSEFIEH |
| Address | 2135 REFUGE CT |
| | VIRGINIA BCH, VA  23454 |

Policy No. BSP5039222-00  END

Policy Period:  From 09/26/2020 to 09/26/2021  beginning and ending at 12:01 A.M. at the address on this page for the **Named Insured**.

Company:   GEICO MARINE INSURANCE COMPANY

| **Insured Boat** | 2010 | SOUTHERN SKIMMER | 17 | Runabout | SFK14006E910 |
|---|---|---|---|---|---|
| | YEAR | MANUFACTURER | LENGTH | TYPE | IDENTIFICATION NUMBER |

| COVERAGE IS PROVIDED ONLY WHERE AN AMOUNT OF INSURANCE IS SHOWN | | | |
|---|---|---|---|
| **COVERAGES** | **AMOUNT OF INSURANCE** | | |
| Hull and Equipment | Agreed Value | $8,000 | Incl |
| Towing and Assistance | Each Incident | $3,000 | Incl |
| Boat Trailer | Agreed Value | $1,000 | Incl |
| Personal Effects | Replacement Cost | $1,000 | Incl |
| Boating Liability (Protection and Indemnity) | Limit Per Person, Each **Occurrence**, Bodily Injury and Property Damage/Aggregate Limit each **Occurrence** | $50,000/$100,000 | Incl |
| Medical Payments | Limit Per Person Each **Occurrence** | $1,000 | Incl |
| Fuel and Other Spill Liability | Limit Each **Occurrence** | $997,100 | Incl |
| Uninsured Boater | Limit Each **Occurrence** | $100,000 | Incl |

**FORMS AND ENDORSEMENTS** made a part of this Policy at time of issue:
VA001          GM030          GM031          GM053

| | |
|---|---|
| Total Premium | |
| State Taxes/Fees | |
| Net Annual Premium | |

**DEDUCTIBLES**:      **Hull and Equipment:**  $500
                            **Named Storm:**   Refer to your Marine Insurance Policy
                            **Theft of Insured Boat:**   Refer to your Marine Insurance Policy
                    **Insured Trailer:**  $50
                            **Theft of Insured Trailer:**   Refer to your Marine Insurance Policy
                    **Personal Effects:**  $50
    Other Deductibles may apply.  Please refer to your Marine Insurance Policy and any applicable Endorsements.

**CRUISING LIMITS:** While afloat the **insured boat** must be confined to the area indicated below:
Coastal and Inland waters of the U.S. and Canada

**LOSS PAYEE:**



Agent Name

BEN M WILLIS
4389 VIRGINIA BEACH BLVD # 102
VA BEACH, VA  23462
757-583-2200

# ENDORSEMENT

This endorsement forms a part of the policy to which attached, effective from its date of issue unless otherwise stated herein.

| *Effective Date*<br>01/19/2021 | *at the hour specified in the policy* | *Part of Policy No.*<br>BSP5039222-00 |
|---|---|---|
| *Company:*<br>GEICO MARINE  INSURANCE COMPANY | | |
| *Agent Name*   BEN M WILLIS<br><br>*Address:*      4389 VIRGINIA BEACH BLVD # 102   VA BEACH, VA  23462 | | *Issued On:*<br>January 18, 2021 |
| *Issued to:*<br>SAEID YOUSEFIEH | *Authorized Representative:* | |

In consideration of:

☐ an additional premium of
☐ a return premium of
☒ premium included

the Policy is amended as follows:

**Policy Change**

The Titled Owner's information has been updated.

*The above endorsement changes your **remaining** premium payment schedule. Please note the updated schedule information below. This change will be reflected when your next invoice is due.*

**Remaining Balance: $0.00**

Nothing herein contained shall vary, alter or extend any provision or condition of the Policy other than as stated above.

If any of the following information has changed, please return the bottom portion with the changes noted.

Name:      SAEID YOUSEFIEH                    Policy Number:      BSP5039222-00

Home Phone:                                  Work Phone:      757-985-7090

Marina Name                                  Marina Phone:
 & Address:
Marina Name                                  Marina Phone:
 & Address:      2135 REFUGE CT
                VIRGINIA BCH VA 23454

Navigation Area:

If you have any questions, please contact your agent.

GMMTE0314



**Administrative Offices:**
5323 PORT ROYAL RD
SPRINGFIELD VA 22151
Policy Service: 877-581-2628
Claims: 877-970-2628

## Boat Policy

SAEID YOUSEFIEH                                                                 September 26, 2020
2135 REFUGE CT
VIRGINIA BCH, VA  23454

Re:  Policy #  BSP5039222
     2010 17' SOUTHERN SKIMMER

Dear Policyholder,

We are delighted to welcome you to  GEICO Marine Insurance. Your policy was designed for boaters
who love to spend time on the water, but don't like to spend more money than they need to for
insurance.  And, since you are a GEICO automobile policyholder, you benefit from a special discount
on your boat insurance premium.
Please take a moment to review your Declarations page and read the Policy carefully.

Endorsements which accompany your policy include:

   * GM0300719   TOWBOATU.S. TOWING COVERAGE
   * GM0310719   TRAILER ASSIST
   * GM0530719   WAIVER OF DEPRECIATION
   * VA0010719   VIRGINIA AMENDMENT

Please be advised that you must notify us if you make any structural and/or engine modification or
addition to the insured boat. To ensure proper coverage for you and your boat, please let us know prior
to making any change that relates to the structure, engine, or use of the watercraft. Additionally, if the
watercraft is no longer at the location listed on the application, the Company requires that you inform
us of the new location within 15 days of moving the boat.

Welcome aboard and thank you for insuring your boat with GEICO Marine Insurance.

GMCLNB1115

Sincerely,

Michael Pellerin, Vice President
Underwriting

Manage your policy online at our convenient Policy Self-Service Center. Set up automatic payments,
download policy documents anytime at geicomarine.com/policyholder.



**GEICO Marine Insurance and Your Privacy**

Protection of your private information is a matter of great importance to GEICO Marine Insurance Company and its affiliated companies.  While the nature of insurance requires that insurance companies periodically gather personal information about you, GEICO Marine Insurance Company recognizes that access to your nonpublic personal information must be safeguarded.  This general notice explains GEICO Marine Insurance Company's overall commitment to privacy with respect to nonpublic personal information.

**Why We Collect Information**

We collect nonpublic personally identifiable information ("Information") about you that is necessary to review, process or service your requests for products, benefits or other services. This is information that identifies you and is not available to the general public. For example, we may collect nonpublic personal financial and health information to determine eligibility for coverage or benefits under one or more of our products.

**The Types of Information We Collect**

Most of the Information we collect is obtained from you.  Generally we request identification Information such as your name, address, phone number, social security number, email address, driver's license number, and date of birth.  Additional Information may be collected in connection with providing you a product or service. We may obtain Information about your transactions and experiences with us and others, such as your payment history, claims, coverage, and registered vessels.  We also obtain Information from third parties such as the Department of Motor Vehicles and Consumer Credit Reporting Agencies. When you request a rate quotation, make changes to your policy, or upon renewal of your policy, we may request your credit information or claims history.

**How We Disclose Your Information**

Information about our customers or former customers will only be disclosed as permitted or required by law. The Information that we collect is used to make coverage, service, benefit and other insurance related decisions; as directed by you; or with your consent. We may also disclose it to persons or organizations as necessary to perform transactions you request or authorize. Information about our former customers and about individuals who have obtained quotes from us is safeguarded to the same extent as Information about our current policyholders.

We may share Information with persons or organizations that we have determined need the Information to perform a business, professional, or insurance function for us. These include businesses that help us with administrative functions. If the law in your state permits, we may share Information with our affiliates. Our affiliates are obligated to keep the Information we provide confidential and to use the Information only for the purpose for which the Information was provided.

**How We Protect Your Information**

GEICO Marine Insurance Company restricts access to Information to those employees or service providers who need to know the Information in order to provide you with products or services.  We train our employees to safeguard customer Information, and we have established clear policies we require our employees to follow regarding confidentiality and disclosure of customer information. We maintain strict physical, electronic, and procedural safeguards to protect your Information from unauthorized access by third parties. We regularly review our security measures and employee education programs to help protect your Information. When we share your Information with unaffiliated third parties, we require that they adhere to our standards to keep your Information private.



This privacy policy continues to apply even when your relationship with GEICO Marine Insurance Company has terminated.

**Who to Contact Regarding Privacy Matters**
If you would like to contact the GEICO Marine Insurance Company's Privacy Policy Administrator with questions regarding privacy, write to: GEICO Marine Insurance Company Administrative Offices, Attn: Privacy Policy, 5323 Port Royal Road, Springfield, VA 22151-2106.  Residents of certain states have the right to access and correct the personal information that we have collected from or about them. To do so, simply contact GEICO Marine's customer service department. If you'd like to correct Information that you provided to us, our representative will make the appropriate adjustments to GEICO Marine's records. If you wish to correct personal information provided to GEICO Marine by a third party (such as a credit rating agency) the representative will provide you with the applicable third party's contact information. Upon the request of residents of other states, we will take reasonable steps to verify the accuracy of the personal information in our records.

If you gave us your email address, we may use it from time to time to notify you of such things as new services, special offers, or to confirm transactions. If you do not wish to be contacted by email for non-policy related communications, you may unsubscribe by following the instructions at the bottom of any email you receive.



**Issued Through:** GEICO MARINE INSURANCE COMPANY
**Address:** 5323 PORT ROYAL RD
SPRINGFIELD VA 22151
**Phone:** 877-581-2628

## MARINE INSURANCE APPLICATION

Submission Date: 09/26/2020  Boat: 2010 17' SOUTHERN SKIMMER   Application Number: BSP5039222-00

### Owner Information

Is the Titled/Registered Owner of this boat an active Corporation or a Trust?          Yes _____   No __X__

Titled/Registered Owner's Name:   SAEID YOUSEFIEH

Mailing Address:   2135 REFUGE CT

City: VIRGINIA BCH                    State: VA        Zip: 23454        Country: USA

Home Phone #: _____   Mobile Phone #: _____   Work Phone #: 757-985-7090   Extension: _____

Primary Email Address: saeidyou@icloud.com          Secondary Email Address: _____

Owner's Date of Birth:          XX/XX/XXXX          Owner's Social Security #:          XXX-XX-XXXX

Owner's Valid Drivers License #:   XXXXXXXXXX  State of Issue: VA  Sex: M  Marital Status:          SINGLE

Do you currently have any other policies with GEICO?     Yes _____  No _____

Is the owner of the boat the primary operator of the boat?   Yes __X__  No _____

**Additional Operators:**

| Name | Date of Birth | Valid Driver's License # | State | Moving Violations | Boat Exp | Owner? | Sex | Marital Status |
|------|---------------|--------------------------|-------|-------------------|----------|--------|-----|----------------|
|      |               |                          |       |                   |          |        |     |                |

Has your or an additional operator's license been suspended or revoked in the past 3 years?     Yes _____  No X

List any automobile or boating violations for the owner in the past 3 years:

| Violation | # of Incidents |
|-----------|----------------|
| Speeding <20 | 0 |
| Speeding >20 | 0 |
| DUI/DWI | 0 |
| Reckless Driving | 0 |
| Other Moving Violations | |

| | Length | Years of Experience | Years of Ownership |
|--|--------|--------------------|--------------------|
| Largest Boat Owned |  | 30 | 30 |
| Largest Boat Operated |  | | |

Have you had any boating or automobile claims, accidents, or losses in the past 3 years?     Yes _____  No   X

If yes, please provide details of the loss.  If you need additional space please attach explanation with application.

| Date | Type of Loss | Description | Loss Paid |
|------|--------------|-------------|-----------|
|      |              |             |           |

Is the boat currently damaged or has it been damaged in the past?          Yes _____  No __X__

If yes, please provide details below. If you need additional space please attach explanation with application.

_____

_____

**Select training course(s) the owner has taken:**

[X] State Certified Safety Course     [ ] USCG Auxiliary     [ ] US Power Squadron     [ ] Captain's License

### Boat Information

Year of the Boat:          Length of the Boat:          Builder/Manufacturer:                    Model:

2010                    17'                    SOUTHERN SKIMMER          1770 W/50ELPT 4S W/TRLR

Boat Name: _____  HIN: SFK14006E910  Documentation # _____  Registration # _____

Boat Use:   Private Pleasure _____          Has the boat been modified?   NO _____

Hull Type:   RUNABOUT    Power Type:   OUTBOARD    Hull Material:   FIBERGLASS    Number of Engines:   1

Engine Year:   -    -    -    -   Total HP:   25   Horsepower each:   25   Fuel Type: _____

Top Speed:       0       Boat Purchase Date:   08/15/2010   Boat Purchase Price:         $8,000

Trailer Year:   -   Trailer Purchase Price:          -   Cruising Area:  Coastal and Inland waters of the U.S. and Canada

Is your craft currently insured? YES _____  NO _X_  If Yes, who is the current insurance company? _____

If no, how long has it been uninsured?     0 - 6 months        Why was it uninsured?  Boat was in storage

How is the boat stored?              TRAILER

Marina or Other Location:     Residence _____

Address:   2135 REFUGE CT

City:     VIRGINIA BCH        State:      VA        Zip:      23454        Country:        USA

Is the vessel kept more than 400 miles away from the owner's residence? _____

Is the boat financed:    Yes _____    No     X     If Yes, Lien Holder's Name _____

Address: _____

City: _____  State: _____  Zip: _____

Do you need to add an Additional "Insured"? _____

If Yes, list name and address of the Additional Insured:

- _____

Address: _____

City: _____  State: _____  Zip: _____  Country: _____

If the boat is kept in or on the Atlantic or Gulf Coast, please provide a Hurricane Plan

_____

*While my signature verifies this information to be true, this application does not bind me to accept insurance, nor does it bind the Agent or GEICO Marine Insurance Company to accept me as an applicant for insurance. If I accept, I hereby authorize any company, credit bureau, or Department of Motor Vehicle that has knowledge of me to give such information to the Agent or GEICO Marine Insurance Company to be used for GEICO Marine Insurance Company's purposes only. Omitting, misrepresenting or stating information falsely on this application constitutes insurance fraud, voids all coverage, and is subject to criminal and civil penalties. The Insurance Company will consider claims history for purposes of determining whether or not to cancel or refuse to renew your policy.*

Is your boat sound and seaworthy and undamaged?   YES ___X___ NO_____

Signature: _____          Date: _____

**GEICO BoatUS**

GEICO MARINE INSURANCE COMPANY
5323 PORT ROYAL RD
SPRINGFIELD VA 22151
Policy Service: 877-581-2628
Claims: 877-970-2628

DECLARATIONS PAGE

**Named Insured**  SAEID YOUSEFIEH
Address          2135 REFUGE CT
                 VIRGINIA BCH, VA  23454

Policy No. BSP5039222-00

Policy Period:  From 09/26/2020 to 09/26/2021  beginning and ending at 12:01 A.M. at the address on this page
for the **Named Insured**.

Company:   GEICO MARINE INSURANCE COMPANY

| **Insured Boat** | 2010 | SOUTHERN SKIMMER | 17 | Runabout | SFK14006E910 |
|---|---|---|---|---|---|
| | YEAR | MANUFACTURER | LENGTH | TYPE | IDENTIFICATION NUMBER |

| **COVERAGE IS PROVIDED ONLY WHERE AN AMOUNT OF INSURANCE IS SHOWN** | | | |
|---|---|---|---|
| **COVERAGES** | **AMOUNT OF INSURANCE** | | |
| Hull and Equipment | Agreed Value | $8,000 | Incl |
| Towing and Assistance | Each Incident | $3,000 | Incl |
| Boat Trailer | Agreed Value | $1,000 | Incl |
| Personal Effects | Replacement Cost | $1,000 | Incl |
| Boating Liability (Protection and Indemnity) | Limit Per Person, Each **Occurrence**, Bodily Injury and Property Damage/Aggregate Limit each **Occurrence** | $50,000/$100,000 | Incl |
| Medical Payments | Limit Per Person Each **Occurrence** | $1,000 | Incl |
| Fuel and Other Spill Liability | Limit Each **Occurrence** | $997,100 | Incl |
| Uninsured Boater | Limit Each **Occurrence** | $100,000 | Incl |

**FORMS AND ENDORSEMENTS** made a part of this Policy at time of issue:
VA001        GM030        GM031        GM053

| Total Premium | |
|---|---|
| State Taxes/Fees | |
| Net Annual Premium | |

**DEDUCTIBLES**:

    **Hull and Equipment:**  $500
        **Named Storm:**  Refer to your Marine Insurance Policy
        **Theft of Insured Boat:**  Refer to your Marine Insurance Policy
    **Insured Trailer:**  $50
        **Theft of Insured Trailer:**  Refer to your Marine Insurance Policy
    **Personal Effects:**  $50
Other Deductibles may apply.  Please refer to your Marine Insurance Policy and any applicable Endorsements.

**CRUISING LIMITS:** While afloat the **insured boat** must be confined to the area indicated below:
Coastal and Inland waters of the U.S. and Canada

**LOSS PAYEE:**

Print Date:   9/26/20

VA001 07 19

**THIS AMENDMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# VIRGINIA AMENDMENT

It is agreed that the Marine Insurance policy is amended as follows:

Under **SECTION II – DEFINITIONS**, **P. Newly acquired boat** is removed in its entirety and replaced with the following:

    **P.**   **Newly acquired boat** means a boat purchased by the **Named Insured** during the policy period provided **you** apply for coverage with **us** in writing within 30 days of purchase of this **newly acquired boat** and pay any additional premium. If **we** agree to insure the **newly acquired boat**, a new policy will be issued for a term of one year from the date of purchase. If **we** decline to insure the **newly acquired boat**, coverage will cease 30 days after **you** become owner. During the 30 day period the **newly acquired boat** will be deemed an **insured boat** under **your** original policy for all purposes except valuation.

Under **SECTION IV – COVERAGES**, **HULL AND EQUIPMENT**, **G. Appraisal and Dispute** is removed in its entirety and replaced with the following:

    **G.**  **Appraisal and Dispute**

        If the **Named Insured** meets the terms, conditions, exclusions and warranties of the policy, and if the amount of a covered loss is still in dispute, **you** or **we** may demand an appraisal of such loss. Upon receipt of a written demand for appraisal, each party will choose within 20 days an accredited or certified marine surveyor to serve as its appraiser. The two appraisers will pick a third accredited or certified marine surveyor to act as Umpire within 20 days to settle any differences. Each party will be responsible for payment of their appraiser and will share the cost of the Umpire equally.  Each appraiser will separately support the amount of loss to the Umpire in one submission within 30 days of the naming of the Umpire.  **We** will pay the amount awarded in writing by the Umpire, less the applicable deductible, up to the **insured value**; however, the award will not be binding on **us** or the **insured.** The appraisal and dispute process must be complete within 90 days of the date first demanded, unless extended by agreement of all parties.

Under **SECTION IV – COVERAGES**, **HULL AND EQUIPMENT**, **C. Exclusions**, **1. g.** is removed in its entirety and replaced with the following:

    **g.**  An intentional act committed by, with the knowledge of, or resulting from criminal wrongdoing by **you** or **your family member**. This exclusion will only apply if **you** or **your family member** is guilty of criminal conduct.

Under **SECTION IV – COVERAGES, BOATING LIABILITY (PROTECTION AND INDEMNITY)**, **1. Who is an Insured**, **3.** and **4.** are removed in their entirety and replaced with the following:

    **3.**  Any other person or organization operating an **insured boat** with **your** permission; and

    **4.**  Any other person operating an **insured boat** with the permission of **2.** or **3.** above.

Under **SECTION IV – COVERAGES, BOATING LIABILITY (PROTECTION AND INDEMNITY)**, **C. Exclusions**, **13.** Is removed in its entirety.

Under **SECTION IV – COVERAGES, FUEL AND OTHER SPILL LIABILITY, A. Who is an Insured**, **3.** and **4.** are removed in their entirety and replaced with the following:

    **3.**  Any other person or organization operating an **insured boat** with **your** permission.

    **4.**  Any other person operating an **insured boat** with the permission of **2.** or **3.** above.

Policy No: BSP5039222-00       Policy Term: 09/26/20 - 09/26/21       Tran Effect: 09/26/20

VA001 07 19

## THIS AMENDMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

Under **SECTION IV – COVERAGES**, **UNINSURED BOATER**, **A. Who is an Insured**, **3.** and **4.** are removed in their entirety and replaced with the following:

**3.**   Any other person or organization using an **insured boat** with **your** permission.

**4.**   Any other person using an **insured boat** with the permission of **2.** or **3.** above.

Under **SECTION IV – COVERAGES**,  **UNINSURED BOATER**, **B. Coverage Provided** is removed in its entirety and replaced with the following:

**B.   Coverage Provided**

If an amount is shown for this coverage on the Declarations Page, **we** will pay the damages that an **insured** is legally entitled to recover from an **uninsured boater** for **bodily injury** or **property damage** caused to that **insured** in an **occurrence.**

Under **SECTION IV – COVERAGES**, **UNINSURED BOATER**, **C. Arbitration** is removed in its entirety and replaced with the following:

**C.   Arbitration**

If **we** and an **insured** do not agree whether an **insured** is legally entitled to recover damages under this coverage, or as to the amount of damages, either party may make written demand for arbitration.

Upon receipt of written demand for arbitration, each party will select and pay for a competent arbitrator within 30 days. The arbitrators will select a third arbitrator within 30 days to settle any differences.

If they cannot agree on the selection of a third arbitrator within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

Arbitration will take place within 30 days of the naming of the third arbitrator in the county where an **insured** lives, unless both parties agree otherwise. Local rules of law regarding procedure and evidence will apply.

A written agreement by two of the arbitrators will determine whether an **insured** is legally entitled to recover damages under this coverage and the amount of these damages.

Each party will pay their own chosen arbitrator and will share the expenses of the third arbitrator equally. The arbitration must be completed within 90 days of the first notice or demand for arbitrations unless extended by agreement of all of the parties.

Under **SECTION IV – COVERAGES**, **UNINSURED BOATER**, **D. Exclusions**, is removed in its entirety and replaced with the following:

**D.   Exclusions**

Coverage will not apply:

**1.**   If the **uninsured boat** is owned by a governmental unit or agency;

**2.**   If the **uninsured boat** is furnished or available for the regular use by an **insured**, or owned wholly, or in part, by an **insured**

Under **SECTION V – GENERAL PROVISIONS**, **K. Legal Action Against Us** is removed in its entirety and replaced with the following:

**K.   Legal Action Against Us**

No legal action may be brought against **us** unless there has been full compliance with all terms of this policy. With respect to any claim or loss to insured property, the action must begin within two years of the date of loss or damage. With respect to any other claim or loss, no legal action may be brought against **us** until **we** agree in writing that an **insured** has an obligation to pay a specified amount, or until the amount of that obligation has been finally determined by judgment after trial. No one has a right under this policy to bring **us** into any action to determine the liability of an **insured**. If any time limitations of this policy are prohibited or invalid under applicable law, then legal action against **us**

VA001 07 19

## THIS AMENDMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

must begin within the shortest limitation of time permitted by such law.

The insolvency or bankruptcy of an **insured** or the insolvency of an **insured's** estate will not relieve **us** of any of **our** obligations under the policy contract.

In the event execution of a judgment against an **insured** for legal liability covered under this policy is returned unsatisfied, then an action for such judgment, subject to the policy's coverage limits, may be maintained against **us.**

Under **SECTION V – GENERAL PROVISIONS**, **J. Seaworthiness Warranty** is removed in its entirety and replaced with the following:

**I.** **Seaworthiness**

**You** agree that at the inception of this policy the **insured boat** is in seaworthy condition. Violation will void this policy from its inception. **You** also agree that the **insured boat** will be maintained in a seaworthy condition during the policy period shown on the Declarations Page. There is no coverage for any loss, damage or expense arising out of an unseaworthy condition.

Under **SECTION VI-GENERAL EXCLUSIONS**, the following is added:

**F.** **Punitive or Exemplary Damages**

Coverage will not apply to any claim for punitive or exemplary damages.

All other terms, conditions and agreements of the Marine Insurance Policy remain unchanged.

VA001 07 19                                                                                  Page **3** of **3**

Policy No: BSP5039222-00          Policy Term: 09/26/20 - 09/26/21          Tran Effect: 09/26/20



# Marine Insurance Policy

Underwritten by:
**GEICO Marine Insurance Company**
A Stock Company
Administrative Offices
5323 Port Royal Road
Springfield, VA 22151-2106
Claims: 877-970-2628

GMPOL001 07 19

# MARINE INSURANCE POLICY

## Table of Contents

Declarations Page and any Endorsements ................................................................................................Insert
Section I – Insuring Agreement ................................................................................................................2
Section II – Definitions ...........................................................................................................................2
Section III – Duties in the Event of a Loss ...............................................................................................3
Section IV – Coverages
      Hull and Equipment .........................................................................................................................4
      Towing and Assistance.....................................................................................................................6
      Boat Trailer .....................................................................................................................................6
      Personal Effects...............................................................................................................................7
      Boating Liability (Protection and Indemnity) ....................................................................................8
      Medical Payments ..........................................................................................................................10
      Fuel and Other Spill Liability ..........................................................................................................10
      Uninsured Boater............................................................................................................................11
Section V – General Provisions................................................................................................................12
Section VI – General Exclusions ..............................................................................................................14

**TO REPORT A CLAIM ANYTIME:**
**PHONE:  800-937-1937**
**ONLINE:  www.geicomarine.com**

**IF YOU HAVE POLICY QUESTIONS:**
**PHONE:  800-283-2883**
**ONLINE:  www.geicomarine.com**

**In the Event of an Accident**
- See to the welfare of any injured people.
- Do not discuss fault or cause.
- Notify the appropriate local officials.
- Notify Claims immediately!

GEICO Marine Insurance Company
A Stock Company
Administrative Offices
5323 Port Royal Road
Springfield, VA 22151-2106

877-580-2628

# MARINE INSURANCE POLICY

## SECTION I – INSURING AGREEMENT

This insurance policy is a legal contract between **us** and the **Named Insured(s)** shown on the Declarations Page. **We** agree to provide the insurance coverage described in this policy in return for the payment of premium when due, subject to the terms, conditions, exclusions and warranties of this policy. The policy consists of this policy contract, the Declarations Page, and all endorsements.

## SECTION II – DEFINITIONS

Throughout this policy, **you** and **your** refer to the **Named Insured** and their **spouse**. If the **Named Insured** is a legal entity then **you** and **your** is defined as the legal entity named on the Declarations Page and any officer, director, partner, owner or shareholder of any **Named Insured** and their **spouse**. **We**, **us** and **our** refer to the company providing this insurance.

In addition, certain words and phrases are defined as follows:

A. **Abandon** means the act of voluntarily giving up, surrendering, deserting or relinquishing property and all rights to its control with the intention of terminating ownership and without the intention of vesting ownership with any other person or entity.

B. **Actual cash value** means the value of the covered property at the time of loss as reasonably determined by **us**.

C. **Boating equipment** means equipment owned by **you** and regularly carried aboard an **insured boat** that is necessary for the safe operation and routine maintenance of an **insured boat**.

D. **Bodily injury** means bodily harm, sickness or disease, except a disease that is transmitted by an **insured** through sexual contact.

E. **Dinghy** means a boat not to exceed 15' length including an outboard motor that does not exceed 40 horsepower, if so equipped, and must be primarily used as the tender for an **insured boat**. The maximum coverage for any **dinghy** and its outboard is $15,000.00.

F. **Family member** means any person related to **you** by blood, marriage, civil union, domestic partnership, or adoption, including a ward or foster child, who resides in **your household**.

G. **Fuel spill** means the unintentional discharge, leakage or spillage of petroleum products or chemicals.

H. **Household** means a fixed, permanent place of abode, where the intent is to return to that place, despite periods of temporarily living elsewhere or temporary absences.

I. **Insured** is defined separately in Section III and in each coverage under Section IV, under the heading **Who Is an Insured**. An **insured** under one section or coverage may not be an **insured** under other sections or coverages. Please carefully review the **Who Is an Insured** provision at the beginning of Section III and the beginning of each coverage under Section IV in order to understand who is an **insured** under that section or coverage.

J. **Insured boat** means a boat named on the Declarations Page, including its hull, machinery, outboard motors, sails, spars, furniture, **dinghy** and **boating equipment**, or a **newly acquired boat**.

K. **Insured trailer** means a trailer owned by the **Named Insured** to regularly store or transport an **insured boat**.

L. **Insured value** means the value of an **insured boat** or **insured trailer** as shown on the Declarations Page.

M. **Medical Services** means medical, surgical, funeral, dental, ambulance, hospital and professional nursing services and includes the cost of eyeglasses, hearing aids, pharmaceuticals and orthopedic and prosthetic devices.

N. **Named Insured** means the individual(s) or entity named on the Declarations Page.

O. **Named storm** means a storm named by the National Oceanic & Atmospheric Administration (NOAA). Outside of United States territorial waters, **named storm** also means a tropical storm, tropical cyclone, hurricane, or typhoon, whether named or unnamed by any governmental authority.

P. **Newly acquired boat** means a boat purchased by the **Named Insured** during the policy period provided **we** are notified in writing within 30 days of purchase of this **newly acquired boat** and additional premium is paid. A **newly acquired boat** is an **insured boat** for all purposes and is subject to the terms, conditions, exclusions and warranties of the policy.

Q. **Obsolescence** means the loss of value due to changes in technology, not physical loss or damage, that render the item no longer useful.

R. **Occurrence** means a sudden and unexpected event or accident to which this insurance applies that happens within the policy period. Continuous

## *SECTION II – DEFINITIONS CONTINUED*

or repeated exposure to substantially the same general condition, unless excluded, is one **occurrence**.

**S.** **Personal watercraft** means any vessel designed to be operated by a person or persons while sitting, standing, or kneeling on the vessel rather than within the confines of a hull.

**T.** **Pet** means an animal owned by **you** or **your family member**.

**U.** **Property damage** means direct physical injury to, or destruction of, tangible property.

**V.** **Spouse** means a partner in a marriage, civil union or domestic partnership recognized under state law and residing in the same **household**.

**W.** **Uninsured boat** means a boat owned or operated by an **uninsured boater**.

**X.** **Uninsured boater** means an owner or operator of a boat other than an **insured boat**, who is legally responsible for a collision with an **insured boat**, and:

**1.** To whom no liability policy applies; or

**2.** Who cannot be identified (such as a hit-and-run operator).

## SECTION III – DUTIES IN THE EVENT OF A LOSS

**A.** **Who Is an Insured**

For purposes of Section III only, **insured** is defined as:

**1.** **You**;

**2.** **Your family member**;

**3.** Any other person operating an **insured boat** with **your** direct and prior permission and without compensation; and

**4.** Any other person operating an **insured boat** with the direct and prior permission of **2.** or **3.** above and without compensation.

**B.** **Actions to Take**

**1.** Immediately upon a loss, an **insured** must:

**a.** Take all reasonable and necessary steps to protect an **insured boat** from further loss. **We** will pay the reasonable and necessary costs incurred in preventing further loss if the loss is covered under the **HULL AND EQUIPMENT** section of this policy. **We** do not cover an **insured's** labor or personal expense or any amount in excess of the **insured value**. If failure to take all reasonable and necessary steps to protect an **insured boat** results in further loss, any additional loss will not be covered under the policy.

**b.** Give **us** prompt notice of the loss, and how, when and where the loss occurred. Also provide the names and contact information of any witnesses or injured parties.

**c.** Promptly notify the appropriate law enforcement agencies of any theft, vandalism, collision, allision, loss of life or injury.

**2.** Following a loss, an **insured** must:

**a.** Allow **us** to inspect an **insured boat** and **insured trailer** before it is repaired or discarded.

**b.** Provide any documents requested by **us** to verify the loss, its amount, and **your** ownership interest in any property damaged or lost, and provide any other information that may assist **our** investigation of the loss.

**c.** Provide **us** with copies of other insurance policies that may cover the loss.

**d.** Assume no obligation, admit no liability and incur no expense that an **insured** or **we** may be liable without **our** written permission, other than reasonable and necessary expenses incurred to protect the property from further damage.

**e.** Immediately notify **us** and forward to **us** any legal papers or notices received in connection with the loss.

**f.** Cooperate with **us** in the investigation, defense or settlement of any loss and agree to be examined under oath as many times as **we** request.

**g.** Allow examinations by physicians of **our** choice as often as **we** reasonably require.

**h.** Assist **us** in obtaining copies of medical reports and other records.

**i.** Provide a final notarized statement or Proof of Loss, if requested by **us**.

# SECTION IV – COVERAGES

## HULL AND EQUIPMENT

**A. Who Is an Insured**

For purposes of **HULL AND EQUIPMENT** coverage only, the **insured** is the **Named Insured**.

**B. Coverage Provided**

If the Declarations Page shows coverage for **HULL AND EQUIPMENT**, **we** will pay for sudden, direct and accidental **property damage**, including theft or vandalism, to an **insured boat** and its **dinghy**.

**C. Exclusions**

1. Coverage will not apply to any loss, damage or expense caused directly or indirectly by:

   **a.** Wear and tear, gradual deterioration, rot, corrosion, weathering, electrolysis, stray electrical current regardless of source, vermin, animals, marine life, insects, mechanical breakdown, electrical breakdown, structural breakdown, overheating or galvanic action. This exclusion does not apply to immediate consequential **property damage** resulting from fire, explosion, sinking, demasting, collision or stranding;

   **b.** Ice or freezing;

   **c.** Mold or mildew;

   **d.** Marring, scratching or denting. This exclusion does not apply to immediate consequential **property damage** resulting from fire, explosion, sinking, demasting, collision or stranding;

   **e.** Blistering or delamination. This exclusion does not apply to immediate consequential **property damage** resulting from fire, explosion, sinking, demasting, collision or stranding;

   **f.** Incomplete, improper or faulty repair, maintenance or renovation; or

   **g.** An intentional act committed by, or with the knowledge of, **you** or **your family member**.

2. Coverage will not apply to:

   **a.** The cost to repair or replace a part that fails as a result of a design, manufacturing or latent defect;

however, **we** will cover immediate consequential **property damage** that results from such failure;

   **b.** Previously unrepaired **property damage** or loss caused directly or indirectly by previously unrepaired **property damage**;

   **c.** Liability for wages or provisions furnished to captain or crew;

   **d.** Intangible loss, such as loss of use or value, living expenses or **obsolescence**;

   **e.** **Your** personal labor, personal expenses, time, loss of income or wages, lodging, meals or travel expenses;

   **f.** Personal items (including, but not limited to, scuba gear, fishing gear including rods, reels, and tackle, sporting goods, clothing, portable televisions, stereos, smart phones, tablets and cameras), fuel, perishables and consumables (including, but not limited to, food, ice, beverages, paper and cleaning products); or

   **g.** Computer hardware and software.

**D. Limit of Insurance**

1. **Insured Value**

   **We** agree with the **insured** that an **insured boat** is valued at the **insured value**.

2. **Newly Acquired Boat**

   If the Declarations Page shows coverage for **HULL AND EQUIPMENT** coverage, the **insured value** for a **newly acquired boat** will be the verifiable purchase price or $250,000.00, whichever is less. **Boating equipment** coverage will be limited to 10% of the **newly acquired boat's** purchase price. These values will remain in effect until cancellation or until **we** issue a new Declarations Page or any new endorsement. **We** may amend the premium, cancel this coverage on the **newly acquired boat**, or require further conditions for continued coverage.

## SECTION IV – COVERAGES CONTINUED

3. **Amount Paid in the Event of a Loss**

   a. **Total or Constructive Total Loss**

   **We** will pay the **insured value** if an **insured boat** is a total loss. **We** reserve the right to declare an **insured boat** a constructive total loss and pay the **insured value** if in **our** judgment the cost to repair the **insured boat** may exceed its **insured value**. If the total or constructive total loss of the **insured boat** occurs within the first 48 consecutive months immediately after purchase by the **insured**, and the **insured boat** was purchased new by the **insured** within 12 months of its manufacture date with no prior owners or users and was not purchased subject to any promotional use or sponsorship agreement, then if the **insured** purchases a new boat of the same size, make and model as the **insured boat**, **we** will pay the purchase price of the replacement boat. If the purchase price for the replacement boat exceeds the **insured value**, the most **we** will pay for the replacement boat is 120% of the **insured value** or $300,000.00, whichever is less.

   If **we** pay the **insured value**, **we** have the right to keep the **insured boat**. If **we** exercise **our** right to keep the **insured boat**, **you** must provide all documents needed to transfer title to **us**. **You** agree that **we** can withhold an amount not to exceed 10% of the **insured value** until **we** receive these documents.

   In the event of damage to a **dinghy** with cost of repair exceeding the **actual cash value** of the **dinghy**, the most **we** will pay is the **actual cash value**.

   b. **Repairs for Partial Loss**

   1. **Agreed Value Policy**

   If the **insured value** is agreed value, we will pay the reasonable cost to repair or replace, whichever is less, the damaged parts of the **insured boat**. However we will not pay more than the **actual cash value** for the following items:

   a. Sails, canvas (including all weather bridge and cockpit enclosures), carpeting, cushions or fabrics beginning

   with the sixth year from the year of manufacture;

   b. Outboard motors, outdrives, propulsion machinery or generators beginning with the eleventh year from the year of manufacture;

   c. The residual value for the items above will not be less than 20% regardless of age.

   2. **Actual Cash Value Policy**

   If the **insured value** is **actual cash value**, **we** will pay the reasonable cost to repair or replace, whichever is less, the damaged parts of the **insured boat** less depreciation. Depreciation will not be greater than 80%.

   3. **No Betterment**

   Regardless of **insured value**, in the event of damage to plywood, plastic, fiberglass, metal, cement or other molded material, **we** will only pay the reasonable cost to repair the damaged area, in accordance with customary marine repair practice.

   If a covered loss requires repainting of an **insured boat**, **we** will pay the cost of repainting or resurfacing the damaged area in accordance with customary marine repair practices so that the area repaired will match, as closely as practical, the original color. **We** have the option to make or reimburse the **insured** for repairs or replacements, or to pay the **insured** directly based on an agreed estimate of loss. Repairs and replacements will be made with like kind and quality. **We** will not pay for any improvement or betterment to the **insured boat**.

   4. **Deductible**

   The applicable deductible amount shown on the Declarations Page will be subtracted from each loss. It will not apply in the event of a total or constructive total loss except as follows:

   a. **Named Storm Deductible**

   In the event of any loss caused directly or indirectly by a **named storm**, the deductible

## SECTION IV – COVERAGES CONTINUED

subtracted from each loss, will be the deductible amount shown on the Declarations Page, $1,000.00, or 5% of the **insured value**, whichever is greater.

**b. Theft Deductible**

In the event of the theft of an **insured boat**, its engine(s) and/or **boating equipment** the payment on a covered loss will be reduced by an amount equal to twice the applicable deductible shown on the Declarations Page or $500.00, whichever is greater.

**5. Salvage Charges**

In the event of a salvage claim against an **insured boat**, coverage is limited to an amount not to exceed the **insured value**. This amount is in addition to the **insured value**.

**E. Payment of Loss**

In the event of a covered loss, payment will be issued to the **insured** and any loss payee. However, in the event of a partial loss, **we** may make payment to the repair yard with the **insured's** consent.

**Your** cooperation is needed to expedite settlement and payment. If **you** do not provide all requested documentation within one year of the loss, the claim will be closed without payment.

**F. Hurricane Preparation**

If a Tropical Storm or Hurricane Watch or Warning is issued for the location of an **insured boat** by the National Oceanic & Atmospheric Administration (NOAA), **we** will pay 50% of the cost up to a maximum of $1,000.00 to have the **insured boat** moved by a professional, or for a professional haul out, or for the professional execution of a hurricane plan. In addition to professional moving or a professional haul out, covered expenses include, but are not limited to, haul out, blocking, lashing to in ground anchors, power washing and relaunch. This amount is in addition to the **insured value**.

**G. Appraisal and Dispute**

If the **insured** meets the terms, conditions, exclusions and warranties of the policy, and if the amount of a covered loss is still in dispute, **you** or **we** may demand an appraisal of such loss. Upon receipt of a written demand for appraisal, each party will choose within 20 days an accredited or certified marine surveyor to serve as its appraiser. The two appraisers will pick within 20 days a third accredited or certified marine surveyor to act as Umpire. If the parties cannot agree on the selection of an Umpire within 20 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will be responsible for payment of their appraiser and will share the cost of the Umpire equally.

Each appraiser will separately support the amount of loss to the Umpire in one submission within 30 days of the naming of the Umpire. **We** will pay the amount awarded in writing by the Umpire up to the **insured value**, less the applicable deductible. The Umpire's decision is final and binding. The appraisal and dispute process must be complete within 90 days of the date first demanded unless extended by agreement of all parties. If the appraisal and dispute process is not complete within 90 days of the date first demanded, **our** original settlement amount will be deemed accepted by the **insured**.

---

## TOWING AND ASSISTANCE

If an amount is shown for this coverage on the Declarations Page, please refer to the endorsement(s) **we** issued to **you**.

---

## BOAT TRAILER

**A. Who Is an Insured**

For purposes of **BOAT TRAILER** coverage only, the **insured** is the **Named Insured**.

**B. Coverage Provided**

If the Declarations Page shows coverage for **BOAT TRAILER**, **we** will pay for the sudden, direct and accidental **property damage** to an

## SECTION IV – COVERAGES CONTINUED

insured **trailer**. **We** do not pay for any intangible loss, such as loss of value or use.

**C. Exclusions**

1. Coverage will not apply to any loss, damage or expense caused directly or indirectly by: wear and tear, gradual deterioration, mechanical or electrical breakdown, bearing failure, overheating, corrosion, a design, manufacturing or latent defect, faulty repair, previously unrepaired damage, rust, weathering, vermin, animals, marring, scratching or denting.

2. Coverage will not apply to any loss, damage or expense caused directly or indirectly by, or with the knowledge of, or resulting from criminal wrongdoing by **you** or **your family member**.

**D. Limit of Insurance**

1. **Insured Value**

   **We** agree with the **insured** that an **insured trailer** will be valued at the **insured value**.

2. **Newly Acquired Trailer**

   **We** will cover **property damage** to a newly acquired trailer, less the deductible, provided that **we** are notified within 30 days of purchase of this newly acquired trailer and any additional premium is paid.

   **We** may amend the premium, change the policy terms or conditions, cancel this coverage on the newly acquired trailer, or require further conditions for continued coverage. The **insured value** of a newly acquired trailer will be the verifiable purchase price.

**E. Amount Paid in the Event of a Loss**

1. **Total or Constructive Total Loss**

   **We** will pay the **insured value**. If **we** pay the **insured value**, **we** have the right to keep the **insured trailer**. The deductible will not apply in the event of a total or constructive total loss except in the event of theft of an **insured trailer**.

   a. **Theft Deductible**

      In the event of theft of an **insured trailer**, the payment on a covered loss will be reduced by an amount equal to twice the applicable deductible shown on the Declarations Page or $500.00, whichever is greater.

2. **Partial Loss**

   In the event of a partial loss, **we** will pay the reasonable cost of repairs in accordance with customary trailer repair practice less the deductible shown on the Declarations Page. **We** have the option to reimburse the **insured** for repairs or replacements, or to pay the **insured** directly based on an agreed estimate of loss. Replacements will be made with like kind and quality. This coverage is excess over any other available insurance for the **insured trailer**.

**F. Payment of Loss**

In the event of a covered loss, payment will be issued to the **insured** and any loss payee. However, in the event of a partial loss, **we** may make payment to the repair yard with the **insured's** consent.

**Your** cooperation is needed to expedite settlement and payment. If **you** do not provide all requested documentation within one year of the loss, the claim will be closed without payment.

---

## PERSONAL EFFECTS

---

**A. Who Is an Insured**

For purposes of **PERSONAL EFFECTS** coverage only, an **insured** is defined as:

1. **You**; and

2. **Your family member**.

**B. Coverage Provided**

1. If the Declarations Page shows coverage for **PERSONAL EFFECTS**, **we** will pay for sudden, direct and accidental **property damage** to an **insured's** personal effects unless otherwise excluded by the policy.

2. **We** agree with **you** that personal effects are valued at replacement cost, which means the amount to replace the damaged property with new property of like kind and quality. **We** do not pay for any intangible loss, such as loss of value or use.

### *SECTION IV – COVERAGES CONTINUED*

3. This coverage only applies to property owned by an **insured** and only while the property is aboard an **insured boat**, being loaded or unloaded from an **insured boat**, or stored in a dock box immediately adjacent to an **insured boat**, and including the dock box.

4. Coverage is provided for waterskiing, wake boarding or fishing tournament entry fees that will not be refunded to **you** if **you** are forced to withdraw from the tournament due to a loss that is covered by this policy. Coverage for non-refundable entry fees is limited to $500.00 in any policy year.

**C. Exclusions**

Coverage will not apply to:

1. **Property damage** caused directly or indirectly by: wear and tear, gradual deterioration, mechanical or electrical failure or disturbance, corrosion, dampness, temperature changes, **obsolescence**, vermin, animals or mysterious disappearance; however, **we** will cover immediate consequential **property damage** resulting from fire, explosion, sinking, demasting, collision or stranding.

2. Any **property damage** caused by, or resulting from, an intentional act of an **insured**.

3. **Property damage** to the following:

    a. Currency, money, travelers' checks, securities, evidence of debt, or valuable papers or documents;

    b. Jewelry, gems, precious stones, silver, gold or other precious metals;

    c. Antiques, collectibles, fine arts, china, silver, coins, liquors or furs;

    d. Watches, smartwatches or fitness devices;

    e. Animals;

    f. **Boating equipment**, **personal watercraft** or other boats; or

    g. Consumables.

**D. Limit of Insurance**

**We** will pay the replacement cost for **property damage** to personal effects or the amount shown on the Declarations Page, whichever is lower, less the deductible.

The amount shown for this coverage on the Declarations Page is the most **we** will pay regardless of the number of persons or boats involved in the **occurrence**.

---

### BOATING LIABILITY (PROTECTION AND INDEMNITY)

**A. Who Is an Insured**

For purposes of **BOATING LIABILITY (PROTECTION AND INDEMNITY)** coverage only, **insured** is defined as:

1. **You**;

2. **Your family member**;

3. Any other person operating an **insured boat** with **your** direct and prior permission and without compensation; and

4. Any other person operating an **insured boat** with the direct and prior permission of **2.** or **3.** above and without compensation.

**B. Coverage Provided**

If an amount is shown for this coverage on the Declarations Page, **we** will pay damages and any costs assessed against an **insured** for any claim or suit covered under this policy for **bodily injury** or **property damage** that an **insured** becomes legally liable through ownership, maintenance or use of an **insured**

**boat**. **We** will settle or defend, as **we** consider appropriate, any claim or suit covered under this policy that asks for these damages**. We** will pay for an attorney **we** select to defend an **insured**. The cost of defense is in addition to the Boating Liability limit stated on the Declarations Page. **We** will also pay the cost to procure a bond, or provide an undertaking, necessary to release the **insured boat** if a legal authority has arrested, confiscated or detained the **insured boat** to secure an **insured's** legal obligation in any suit **we** defend. **Our** payment to procure the bond will not exceed the lesser of the limit of liability shown on the Declarations Page for **HULL AND EQUIPMENT** or **BOATING LIABILITY (PROTECTION AND INDEMNITY)**.

Once **we** have paid the Boating Liability limit for any covered damages, including removal of wreck, **our** obligation to pay any damages, or to provide an **insured** with a defense, ends.

## SECTION IV – COVERAGES CONTINUED

1. **Operating Other Boats**

   **We** will provide this boating liability coverage to **you** and **your family member** while operating another boat with the permission of its owner.  However, **we** do not cover loss or damage to the other boat or its **boating equipment**.  If there is any other available insurance, **we** will provide this coverage only as excess over all other available insurance.  Boating liability coverage under this section will not apply if the other boat is:

   a. A **personal watercraft**;

   b. Rented or chartered;

   c. Used for any other commercial purpose; or

   d. Furnished or available for the regular use by **you** or **your family member**, or owned wholly or in part by **you** or **your family member**.

2. **Removal of Wreck**

   **We** will pay the reasonable cost for any actual or attempted removal and disposal of an **insured boat** if it becomes a wreck during the policy period and if such removal or disposal is required by law or governmental authority.   This coverage is limited to an amount not to exceed the limit shown for Boating Liability on the Declarations Page.

C. **Exclusions**

   Coverage will not apply to:

1. **Bodily injury** to an **insured**;

2. Damage to property owned by an **insured**;

3. Liability assumed under a contract or agreement, or any breach of contract;

4. **Bodily injury** or **property damage** that occurs while an **insured boat** or **insured trailer** is being transported by a land-based motorized vehicle;

5. **Bodily injury** or **property damage** arising out of an **insured** or other person parasailing, kite skiing, hoverboarding, fly boarding, hydro foiling or any other activity involving a device designed to become airborne from an **insured boat**;

6. **Bodily injury** or **property damage** caused by, or resulting from, an intentional act of an **insured**;

7. Any claim for punitive or exemplary damages;

8. Any fine, penalty or costs of defense arising out of a criminal or civil violation of law or assessment by a governmental authority;

9. Claims made under the Federal Longshore and Harbor Workers' Compensation Act, or injuries for which benefits are required to be provided by an **insured** or which are available to the injured person under any state or federal compensation law or act regardless of its source;

10. Any claims by captain or crew of an **insured boat** including but not limited to claims made under the Federal Jones Act, Death on the High Seas Act, Federal Longshore and Harbor Workers' Compensation Act or General Maritime Law;

11. Cost of the resulting **bodily injury** or **property damage**, containment, clean-up or assessments related to the discharge, leakage or spillage of petroleum products, chemicals, bacteria, viruses, mold or other substances of any kind or nature;

12. **Bodily injury** or **property damage** caused by, or resulting from, a **pet**;

13. Liability of a paid captain or crew;

14. Any liability **you** may have to **your** directors, officers, shareholders, or partners or any liability which any of them may have to **you**;

15. **Bodily injury** or **property damage** to scuba divers operating from the **insured boat** from the time they leave the **insured boat** until they are back onboard the **insured boat**; or

16. **Bodily injury** or **property damage** arising out of the operation of any aerial vehicle or drone, submarine, submersible or diving bell.

D. **Limit of Insurance**

1. If the Declarations Page shows a coverage amount for Boating Liability "Limit Each Occurrence, **Bodily Injury** and **Property Damage**," then the amount shown is the most **we** will pay for all damages for **bodily injury** or **property damage** regardless of the number of **insureds**, persons claiming

## *SECTION IV – COVERAGES CONTINUED*

damages, claims made, or boats involved in any **occurrence** or series of **occurrences** arising out of the same event.

2. If the Declarations Page shows coverage amounts for Boating Liability "Limit Per Person, Each **Occurrence**, **Bodily Injury** and **Property Damage**/Aggregate Limit Each **Occurrence**," then:

   a. The coverage amount shown for the "Limit Per Person, Each **Occurrence**, **Bodily Injury** and **Property Damage**" is the most **we** will pay for all damages arising out of **bodily injury** and **property damage** to one person in any **occurrence** or series of **occurrences** arising out of the same event, including

the damages sustained by anyone else as a result of that **bodily injury** or **property damage**; and

   b. The coverage amount shown for the "Aggregate Limit Each **Occurrence**" is, subject to the "Limit Per Person, Each **Occurrence**, **Bodily Injury** and **Property Damage**," the most **we** will pay for all damages arising out of **bodily injury** and **property damage**, regardless of the number of **insureds**, persons claiming damages, claims made or boats involved in any **occurrence** or series of **occurrences** arising out of the same event.

---

## MEDICAL PAYMENTS

**A. Coverage Provided**

If an amount is shown for this coverage on the Declarations Page, **we** will pay the reasonable expenses for necessary **medical services** incurred within three years from the date of an **occurrence** involving **bodily injury** sustained by an individual while in, upon, boarding or leaving an **insured boat**.

**We** will determine:

1. Whether the expenses for **medical services** are reasonable; and

2. Whether the **medical services** are necessary.

If there are any other available medical benefits or plans that offer coverage for **medical services**, this coverage will be excess over those other medical benefits or plans.

**B. Exclusions**

Coverage will not apply to:

1. Responsibility assumed under any contract or agreement;

2. **Bodily injury** that occurs while an **insured boat** or **insured trailer** is being transported by a land-based motorized vehicle;

3. **Bodily injury** to a trespasser;

4. **Bodily injury** caused by, or resulting from, an intentional act;

5. **Bodily injury** arising out of parasailing, kite skiing, hoverboarding, fly boarding, hydro foiling or any other activity involving a device designed to become airborne from an **insured boat**;

6. **Bodily injury** if workers compensation benefits, or similar benefits, are available under any state, federal or maritime law;

7. **Bodily injury** to **your** employees; or

8. **Bodily injury** to a paid captain or crew.

**C. Limit of Insurance**

The amount shown for this coverage on the Declarations Page is per person, each **occurrence** regardless of the number of persons involved or claims made.

---

## FUEL AND OTHER SPILL LIABILITY

**A. Who Is an Insured**

For purposes of **FUEL AND OTHER SPILL LIABILITY** coverage, **insured** is defined as:

1. **You**;

2. **Your family member**;

3. Any other person operating an **insured boat** with **your** direct and prior permission and without compensation; and

## *SECTION IV – COVERAGES CONTINUED*

**4.** Any other person operating an **insured boat** with the direct and prior permission of **2.** or **3.** above and without compensation.

**B. Coverage Provided**

If an amount is shown for this coverage on the Declarations Page, **we** will pay up to that amount for the containment, clean-up, **property damage** and assessments resulting from a **fuel spill** from an **insured boat** that an **insured** becomes legally liable through the ownership, maintenance or use of an **insured boat**. **We** will settle or defend, as **we** consider appropriate, any claim or suit that seeks these covered expenses and/or damages. **We** will also pay for an attorney **we** select to defend an **insured**. Once **we** have paid the Fuel and Other Spill Liability limit, **our** obligation to pay any damages, or to provide the **insured** with a defense, ends. This coverage will not apply if an **insured** fails or refuses:

**1.** To report the incident giving rise to liability as required by law when an **insured** knows or has reason to know of the incident; or

**2.** To provide all reasonable cooperation and assistance requested by a responsible official in connection with containment and clean-up activities.

**C. Exclusions**

Coverage will not apply to:

**1.** Liability assumed under any contract or agreement, or any breach of contract;

**2.** Liability arising out of the transportation of an **insured boat** or **insured trailer** on land;

**3.** Liability caused by, or resulting from, an intentional act of an **insured**;

**4.** Any claim for punitive or exemplary damages;

**5.** Any fine, penalty, or costs of defense arising out of a criminal or civil violation of law;

**6.** Liability arising from the discharge, emission, spillage or leakage of any radioactive substance or material;

**7.** Loss or damage to any property owned by, rented to, used by or in the care of an **insured**; or

**8.** Liability for **bodily injury**.

**D. Limit of Insurance**

The amount shown for this coverage on the Declarations Page is the most **we** will pay regardless of the number of **insureds**, claims made, or boats involved in any one **occurrence** or series of **occurrences** arising out of the same event.

## UNINSURED BOATER

**A. Who Is an Insured**

For purposes of **UNINSURED BOATER** coverage only, **insured** is defined as:

**1. You**;

**2. Your family member**;

**3.** Any other person using an **insured boat** with **your** direct and prior permission and without compensation; and

**4.** Any other person using an **insured boat** with the direct and prior permission of **2.** or **3.** above and without compensation.

**B. Coverage Provided**

If an amount is shown for this coverage on the Declarations Page, **we** will pay the damages an **insured** is legally entitled to recover from an **uninsured boater** because of **bodily injury** resulting from physical contact between an **uninsured boat** and an **insured boat**.

**C. Arbitration**

If **we** and an **insured** do not agree whether an **insured** is legally entitled to recover damages under this coverage, or as to the amount of damages, either party may make a written demand for arbitration. If so demanded, arbitration will be mandatory and claims or disputes under this coverage over whether the **insured** is legally entitled to recover damages or as to the amount of these damages will be resolved exclusively through arbitration.

Each party will select and pay for a competent arbitrator within 30 days.  The arbitrators will select a third arbitrator within 30 days.  If they cannot agree on the selection of a third arbitrator within 30 days, either party may request that selection be made by a judge of a court having jurisdiction.

Arbitration will take place within 30 days of the naming of the third arbitrator in the county where the **insured** lives, unless both parties

## SECTION IV – COVERAGES CONTINUED

agree otherwise. A written agreement by two of the arbitrators will be binding as to whether an **insured** is legally entitled to recover damages under this coverage and the amount of these damages.

Each party will pay their own chosen arbitrator and will share the expenses of the third arbitrator equally. The arbitration must be completed within 90 days of the first notice or demand for arbitration unless extended by agreement of all the parties.

**D. Exclusions**

Coverage will not apply:

1. To claims or suits settled without **our** written consent;

2. To any judgment or settlement for damages against an **uninsured boater** arising out of a lawsuit brought without our written consent;

3. If the **uninsured boat** is owned or operated by a governmental agency or employee;

4. If the **uninsured boat** is furnished or available for the regular use by an **insured**, or owned wholly, or in part, by an **insured**;

5. For anyone using an **insured boat** without permission;

6. When an **insured boat** is being chartered or rented without **our** prior written permission;

7. Where no evidence of physical contact exists between an **insured boat** and an unidentified boat, or where no evidence of physical contact exists between an **insured boat** and an **uninsured boat**;

8. Directly or indirectly to the benefit of any insurer under any state or federal compensation law or act;

9. To any claim for punitive or exemplary damages;

10. For **bodily injury** arising out of an **insured** parasailing, kite skiing, hoverboarding, fly boarding, hydro foiling or any other activity involving a device designed to become airborne from an **insured boat**;

11. For **bodily injury** caused by or resulting from an intentional act of an **insured**; or

12. For **bodily injury** to a paid captain or crew.

**E. Limit of Insurance**

1. The amount shown for this coverage on the Declarations Page is the most **we** will pay under this coverage, regardless of the number of **insureds**, claims made, or boats involved in any one **occurrence**, or series of **occurrences** arising out of the same event.

2. Payment under this coverage will be reduced by:

   a. All sums paid by or on behalf of those legally responsible;

   b. All sums paid by any state or federal compensation law or act; or

   c. All sums paid under the **BOATING LIABILITY** or **MEDICAL PAYMENTS** coverages of this policy.

3. Payment under this coverage to or for an **insured** will reduce the amount that person is entitled to recover from the **BOATING LIABILITY** or **MEDICAL PAYMENTS** coverages of this policy.

## SECTION V – GENERAL PROVISIONS

**A. Our Right to Recover**

An **insured** may have the right to recover from another party who is responsible for an **insured's** loss. If **we** pay an **insured's** loss under this policy, this right of recovery will belong to **us** up to the amount that **we** paid an **insured**. **We** have no obligation to pursue recovery against another for any loss. However, if **we** elect to exercise **our** right of recovery against another, **we** will also attempt to recover any deductible incurred by an **insured** under this policy unless **we** are specifically instructed by an **insured** not to pursue the deductible. **We** reserve the right to compromise or settle any claim against the responsible parties for less

than the full amount. If an **insured** takes any action that impairs **our** right to recover, this policy will not provide coverage for such loss. However, signing a written contract for dockage, slip rental, moorage, hauling/launching, storage, repair or maintenance of an **insured boat** that includes a waiver of subrogation provision will not void this policy.

**B. Cancellation**

1. The **Named Insured** may cancel this policy at any time by providing **us** with advance notification of the cancellation date.

## SECTION V – GENERAL PROVISIONS CONTINUED

**2.** **We** may cancel this policy by notifying the **Named Insured** in writing before the date the cancellation is to take effect. This cancellation notice will be mailed electronically if permitted by law, or mailed to the **Named Insured** at the address shown on the Declarations Page, and proof of such mailing will be sufficient proof that notification of cancellation was given. Cancellation may be effective prior to the return of premium, if any. The return premium will be calculated on a pro-rata basis.

**C.** **Policy Period and Territory**

This policy applies only to loss occurring within the policy period as shown on the Declarations Page and while an **insured boat** is afloat or ashore within the Cruising Limits shown on the Declarations Page and while an **insured boat** is being transported by land conveyance in the United States or Canada. **We** may change the Cruising Limits shown on the Declarations Page in the event or circumstance of a material increase in, or change to, the risk associated with the **insured boat**.

**D.** **Private Pleasure Limitation**

There is no coverage during any period of chartering, renting, commercial use or exhibition or any other non-private pleasure use of the **insured boat** unless **you** have prior written permission from **us**.

**E.** **Other Insurance**

**1.** If there is any other available insurance that would apply in the absence of this policy, this insurance will apply as excess over all other insurance.

**2.** When this policy and any other policy covers on the same basis, either excess or primary, **we** will pay only **our** share. **Our** share is the proportion that the **Limit of Insurance** of **our** policy bears to the total of the limits of all the policies covering on the same basis.

**3.** With regard to **HULL AND EQUIPMENT**, **BOAT TRAILER**, and **PERSONAL EFFECTS** coverages, the combined amount of all available insurance will not exceed the limits of this policy for any loss.

**F.** **No Assignment**

The rights and duties under this policy may not be transferred or assigned without **our** written consent.

**G.** **Transfer of Interest**

Coverage provided by **us** terminates automatically without notice if **you abandon**, lease, sell, or have contracted to sell, an **insured boat** or **insured trailer**, or if **you** have assigned an **insured boat** or **insured trailer** without **our** prior written consent.

**H.** **No Benefit to Others**

No person or organization having custody of the property insured by this policy and being compensated for having custody, or for performing services while having custody, will directly or indirectly benefit from this policy.

**I.** **Fraud and Concealment**

This policy is void if any **insured** or any **insured's** agent, at any time and regardless of intent, conceals, misrepresents or fails to disclose any material fact regarding this insurance, any application for insurance, the **insured boat** or any claim made under this policy.

**J.** **Seaworthiness Warranty**

**You** warrant that at the inception of this policy the **insured boat** is in seaworthy condition. Violation of this warranty will void this policy from its inception. **You** also warrant that the **insured boat** will be maintained in a seaworthy condition during the policy period shown on the Declarations Page.  There is no coverage for any loss, damage or expense arising out of an unseaworthy condition.

**K.** **Legal Action Against Us**

No legal action may be brought against **us** unless there has been full compliance with all terms of this policy.  With respect to any claim or loss to insured property, the action must begin within two years of the date of loss or damage.  With respect to any other claim or loss, no legal action may be brought against **us** until **we** agree in writing that an **insured** has an obligation to pay a specified amount, or until the amount of that obligation has been finally determined by judgment after trial.  No one has a right under this policy to bring **us** into any action to determine the liability of an **insured**. If any time limitations of this policy are prohibited or invalid under applicable law, then legal action against **us** must begin within the shortest limitation of time permitted by such law.

**L.** **Non-waiver Clause**

No action by **us** after a loss to recover or save insured property from further loss, nor any action **we** take in connection with the investigation of any claim or loss will be

## SECTION V – GENERAL PROVISIONS CONTINUED

considered a waiver of **our** rights under this policy. Nothing herein will be considered a waiver of **our** rights under this policy, state or federal law, or otherwise. No action or inaction by **us** will be deemed a waiver of this provision.

### M. Controlling Law

This policy is governed by United States federal admiralty law and maritime law. In the absence of applicable United States federal admiralty and maritime law, this policy is to be construed under the laws of the state, territory or possession listed on the Declarations Page as the address of record, without regard to that jurisdiction's rules on choice of law.

### N. Conformity to Law

If any provision of this policy is contrary or unenforceable under controlling law, the policy will automatically conform to the minimum requirements of the law.

### O. Economic and Trade Sanctions

Whenever coverage provided by this policy would be in violation of any U.S. economic trade sanctions such as, but not limited to, those sanctions administered and enforced by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC"), such coverage will be null and void. Similarly, any coverage relating to or referred to in any certificates or other evidences of insurance or any claim that would be in violation of U.S. economic or trade sanctions as described above will also be null and void.

## SECTION VI – GENERAL EXCLUSIONS

### A. Racing Exclusion

Coverage will not apply to powerboats while engaged in any speed race or test. **We** do cover predicted log cruises or similar competitions and sailboat racing.

### B. Amphibious Vehicles

Coverage will not apply to amphibious vehicles while operating on land.

### C. Illegal Activities

Coverage will not apply while an **insured boat** is used for illegal activities.

### D. War and Nuclear Exclusion

Coverage will not apply to loss, damage or expense caused directly or indirectly by:

**1.** Radioactive contamination or nuclear reaction; or

**2.** War (declared or undeclared), civil war, insurrection, rebellion, revolution, riot, social unrest, piracy, or any consequence of these.

### E. Seizure

Coverage will not apply to loss, damage or expense caused directly or indirectly by the capture, seizure, arrest or detainment of an **insured boat** by any governmental power or authority, whether lawful or unlawful; or, if an **insured boat** is legally removed from **your** custody for any reason.

GEICO Marine Insurance Company

Secretary

GEICO Marine Insurance Company

President

GM030 07 19

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# TowBoatU.S.® TOWING COVERAGE

For purposes of this Endorsement only, the following definitions are added:

**A.** **Covered services** are defined as:

**1.** Towing a disabled **insured boat** from the point of breakdown on the water to a port of choice within the TowBoatU.S.® **service area**;

**2.** On the water battery jumpstarts, and delivery of fuel, engine fluids and basic engine parts to avoid a tow, subject to availability;

**3.** Soft ungrounding assistance;

**4.** Towing a disabled **insured boat** immediately after breakdown from a **restricted use dock** to the **home dock** or to the closest repair facility within 25 miles after this towing endorsement has been effective for 30 days;

**5.** Towing a disabled **insured boat**, for the purpose of repairs, from a **home dock** to the closest repair facility within 25 miles after this towing endorsement has been effective for 30 days; and

**6.** Using a TowBoatU.S.® Licensed Towing Company when an **insured boat** is disabled and towed within the TowBoatU.S.® Licensed Towing Company's **service area**.

**B.** **Home Dock** means where an **insured boat** is regularly secured when not in use.

**C.** **Incident** is defined as an event, or a series of events, arising from the same breakdown of an **insured boat**. **You** will be responsible to pay expenses not covered under this Endorsement.

**D.** **Restricted Use Dock** is a dock from which a disabled **insured boat** is unable to stay for more than 12 hours.

**E.** **Service Area** is defined as and includes a minimum distance of 25 miles from the responding approved TowBoatU.S.® company port. TowBoat U.S.® company ports can be found online at www.boatus.com/servicelocator.

Under **SECTION IV – COVERAGES**, **TOWING AND ASSISTANCE**, the following is added:

**A.** **Who Is an Insured**

For purposes of **TowBoatU.S.® TOWING COVERAGE** only, **insured** is defined as:

**1.** **You**;

**2.** **Your family member**;

**3.** Any other person using an **insured boat** with **your** direct and prior permission and without compensation; and

**4.** Any other person using an **insured boat** with the direct and prior permission of **2.** or **3.** above and without compensation.

**B.** **Coverage Provided**

If an amount is shown for this coverage on the Declarations Page, **we** will pay for **covered services** involving an **insured boat** worldwide, regardless of the cruising limit shown on the Declarations Page. This endorsement is not a waiver of the cruising limit shown on the Declarations Page, which remains in full force and effect with regard to all coverage under this policy except for **TOWING AND ASSISTANCE** coverage. **THIS ENDORSEMENT IS NOT A PROMISE OF, OR COMMITMENT TO PROVIDE OR PAY FOR, RESCUE. IN AN EMERGENCY SITUATION, YOU MUST CONTACT COAST GUARD OR A GOVERNMENT AGENCY IMMEDIATELY.**

GM030 07 19

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

C.  **Exclusions**

Coverage under this Endorsement will not apply:

1.  If an **insured boat** is disabled due to a condition that existed prior to the effective date of this Endorsement;

2.  If a disabled **insured boat** departs a dock, boat ramp or mooring;

3.  If **covered services** cannot be provided without equipment that is not immediately available to the towing company;

4.  If **covered services** cannot be performed safely and without risk to people or property;

5.  For seasonal haul out, routine maintenance or storm preparation;

6.  To salvage recovery, including expenses related, but not restricted to, grounding, sinking, stranding, dangerous surf, surf-line, pumps, divers, airbags, special equipment and/or any other perilous situation.  In marine peril events, when an **insured** contacts TowBoatU.S. 24 Hour Dispatch, **we** will assist with arranging appropriate service providers to assist in the salvage recovery of the **insured boat**;

7.  To the cost of fuel, parts or supplies;

8.  For escort, navigation assistance, and/or the search or retrieval of  lost boats, anchors or other equipment;

9.  To the  repair, haul, launch, commission, decommission, mooring or docking, of an **insured boat**;

10. For storage of the **insured boat** or other marina charges;

11. For United States or Foreign Custom Fees; or

12. For **covered services** that are available to an **insured** under any other provision of this policy which are covered by another company.

D.  **Limit of Insurance**

1.  Coverage is provided for **covered services** while using a TowBoatU.S.® Licensed Towing Company within the **service area**.

2.  If the **covered service** occurs outside the **service area**, the maximum payment for each **incident** is $3,000.00.

3.  If a TowBoatU.S.® Licensed Towing Company is not available, or if the tow begins and/or ends outside of the **service area**:

    a.  An **insured** must contact TowBoatU.S.® by calling its 24 Hour Dispatch or by using Coast Guard or Government Marine Agency relay prior to accepting assistance from a non-TowBoatU.S.® Licensed Towing Company;

    b.  Upon authorization from the TowBoatU.S.® 24 Hour Dispatch, for **covered services** using a non-TowBoatU.S.® Licensed Towing Company, an **insured** is eligible for reimbursement up to $125.00 per hour for towing from the location of a disabled **insured boat** to the nearest repair facility, as well as soft ungrounding expenses up to $10.00 per foot of boat length. Payment for **covered services** using a non-TowBoatU.S.® Licensed Towing Company will not exceed the maximum reimbursement of $3,000.00.

4.  If TowBoatU.S.® or a non-TowBoatU.S.® Licensed Towing Company is not available for **covered services**, TowBoatU.S.® 24 Hour Dispatch service may attempt to contact a government agency for assistance.

5.  **We** will make direct payment to the towing company for **covered services** rendered in the United States, Canada and the Bahamas. **We** will reimburse **you** for charges for **covered services** rendered outside the United States, Canada and the Bahamas.

All other terms, conditions and agreements of the Marine Insurance Policy remain unchanged.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# TRAILER ASSIST® ROADSIDE COVERAGE

For purposes of this Endorsement only, the following definitions are added:

**A.  Covered Trailering Services** are defined as:

1.  Towing assistance for a **towing vehicle** and/or an **insured trailer** to the nearest repair facility or safe location up to 100 miles from the breakdown;

2.  Flat tire roadside assistance for the disabled **towing vehicle** and/or **insured trailer**;

3.  Flat tire assistance for an **insured trailer** when disabled at its normally kept home location after this endorsement has been effective for thirty days.

4.  Roadside assistance including battery jumpstart service, delivery of fuel, engine fluids and basic parts to avoid a tow, and/or lockout service, subject to availability, when either the **towing vehicle** or an **insured trailer** becomes disabled while engaged in **trailering**.

**B.  Service Provider** is defined as an independent contractor not directly employed by or affiliated with companies listed on the **Declarations Page**, that **we** may dispatch and bill directly for **covered trailering services**.

**C.  Towing Vehicle** is defined as a legally licensed and registered private passenger vehicle operated by an **insured** with appropriate manufacturer tow rating and maximum towing capacity for **trailering**.

**D.  Trailering** is defined as using a **towing vehicle** to legally tow the **insured trailer**.

**E.  Trailering Incident** means a sudden and unexpected breakdown involving a **towing vehicle** and **insured trailer** engaged in **trailering** that happens within the policy period. Continuous or repeated exposure to substantially the same general condition, unless excluded, is one **trailering incident**.

Under **SECTION IV – COVERAGES, TOWING AND ASSISTANCE**, the following is added:

**A.  Who Is an Insured**

For the purposes of **TRAILER ASSIST ROADSIDE COVERAGE** only, **insured** is defined as:

1.  **You**;

2.  **Your family member**;

3.  Any other person **trailering** an **insured trailer** with **your** direct and prior permission and without compensation.

**B.  Coverage Provided**

If an amount is shown for this coverage on the Declarations Page coverage is provided for **covered trailering services** involved in a **trailering incident** within the United States or Canada. This Endorsement is not a waiver of the cruising limit shown on the Declarations Page, which remains in full force and effect with regard to all coverage under this policy except for **TRAILER ASSIST ROADSIDE COVERAGE. THIS ENDORSEMENT IS NOT A PROMISE OF, OR COMMITMENT TO PROVIDE OR PAY FOR, RESCUE.  IN AN EMERGENCY SITUATION, YOU MUST CONTACT "911" OR A GOVERNMENT AGENCY IMMEDIATELY.**

GM031 07 19

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### C. Exclusions

Coverage under this Endorsement will not apply:

1. If a **towing vehicle** and/or **insured trailer** is disabled due to a condition that existed prior to the effective date of this Endorsement;

2. If **covered trailering services** cannot be provided without equipment that is not immediately available to the **service provider**;

3. If **covered trailering services** cannot be performed safely and without risk to people or property;

4. If **covered trailering services** are prohibited by law including, without limitation, incidents where height and width of the **towing vehicle**, **insured trailer** and/or boat secured on board exceed State, Canadian Province and/or Federal Department of Transportation regulations;

5. The cost of repairs, repair diagnosis, battery charging, wheel balance or alignment, parts, fuel, service at a repair facility or payment for more than one **service provider** or service vehicle;

6. To storage expenses for the **towing vehicle**, **insured trailer** or boat;

7. For towing of an **insured trailer** or **towing vehicle** from a normally garaged location, storage facility or a repair facility;

8. For United States or Foreign Customs Fees;

9. To expenses for tolls, hotel accommodations, legal violations or fines of any kind;

10. For salvage and/or wreck removal to a **towing vehicle** or **insured trailer** involved in an accident. In these circumstances, Trailer Assist® dispatch services may contact the Insurance Claims Department for assistance with the recovery of an **insured trailer** and **towing vehicle**;

11. For **covered trailering services** that are available to an **insured** under any other provision of this policy or which are covered by another company.

### D. Limit of Insurance

1. If Trailer Assist® is unable to dispatch assistance for **covered trailering services**, direct bill the **service provider** for **covered trailering services**, or if the **trailering incident** occurs in Mexico, an **insured** may receive reimbursement for **covered trailering services** up to U.S. $500.00 if the disabled **insured trailer** and/or **towing vehicle** are towed to the nearest repair facility or safe location within 100 miles of the original breakdown.

2. Liability for loss, injury, damage and/or unsatisfactory workmanship caused by a **service provider** remains solely the responsibility of the **service provider**.

3. This endorsement is not an insurance policy for the **towing vehicle**, persons, boats or property and does not provide indemnification for liability or damages arising out of injury to persons, vehicles, boats, property and/or the environment.

4. The **insured** will be responsible for any expense not covered under this endorsement at the time of the **trailering incident**.

5. For tows over 100 miles, the maximum coverage available will be U.S. $500.00.

All other terms, conditions and agreements of the Marine Insurance Policy remain unchanged.

GM053 07 19

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WAIVER OF DEPRECIATION

**SECTION IV – COVERAGES**, **HULL AND EQUIPMENT**, **D. Limit of Insurance**, **3. Amount Paid In Event of Loss**, **b. Repairs for Partial Loss**, **1. Agreed Value Policy**, is removed in its entirety and replaced with:

    **1.**   **Agreed Value Policy**

        If the **insured value** is agreed value, **we** will pay the reasonable costs to repair or replace, whichever is less, the damaged parts of the **insured boat**.

All other terms, conditions and agreements of the Marine Insurance Policy remain unchanged.

Policy No: BSP5039222-00          Policy Term: 09/26/20 - 09/26/21          Tran Effect: 09/26/20